IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA D. CHAVEZ,

    Plaintiff,

vs.                                            Civ. No. 97-1623 MV\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Plaintiff's Motion to Reverse, or in the Alternative, to Remand for a Rehearing, filed October 5, 1998. The Commissioner denied Plaintiff's request for both disability insurance and supplemental security income benefits. Plaintiff alleges a disability due to neck, shoulder and back problems. She also claims to suffer from low intellectual functioning.

2. The Commissioner denied Plaintiff's applications for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the applications. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. **Thompson v.**

**Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. **Id**. (citation omitted).

4. Plaintiff raises the following allegations of error with respect to the ALJ's decision: 1) the ALJ did not support with substantial evidence and improperly determined that the Plaintiff does not meet the mental impairment listing at §12.05(C); 2) the ALJ did not support with substantial evidence and improperly found that the Plaintiff can return to her past relevant work as an assembler; and 3) the ALJ did not support with substantial evidence and improperly concluded that the Plaintiff's allegation of disabling pain was not credible.

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." **Id**. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). To determine disability, the Commissioner has established a five step sequential evaluation process. **Id**. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. **Id**. (citations omitted).

6. Steps three and four of the sequential evaluation process are at issue in this case. At step three, the claimant can be found conclusively disabled if he or she meets or equals the criteria of the listings. 20 C.F.R. §§404.1520(d); 416.920(d). At step four, the claimant must demonstrate that his or her impairments prevent a return to past relevant work. Id. at §§404.1520(e); 416.920(e).

7. The Plaintiff argues first that the ALJ erred in finding that her mental and physical conditions did not meet or equal listing §12.05(C). Listing §12.05(C) states that a claimant is

disabled if she has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." In his discussion of §12.05(C), the ALJ appears to acquiesce in the determination by Dr. Spiering, Ph.D. that the Plaintiff has a full scale IQ of 70. Tr. 16. However, later in his decision, the ALJ seems to question the validity of the IQ score by noting that Dr. Spiering opined that the Plaintiff's "potential was perceived to be higher, within the low average range." Tr. 19. Dr. Speiring actually stated that Plaintiff's "overall performance is at the lowest point of the borderline range, but her potential may be within the low average range." Tr. 120-21. In fact, Plaintiff's performance IQ was 74 and within the borderline range of intellectual functioning. Tr. 121. *See DSM-IV* 684 (4th ed. 1994)(borderline intellectual functioning is shown by an IQ in the 71-84 range). However, since the performance IQ is not the lowest IQ score produced by the Plaintiff, it is not considered under §12.05(C). *See* 20 C.F.R. 404, Subpt. P, App. 1, §12.00D. Even if one interprets Dr. Speiring's comments to apply to the IQ score of 70, Dr. Speiring never concluded that the IQ scores were not valid. "The ALJ may not substitute his medical Judgment [sic] for that of the examining physician." *Cole v. Callahan*, 970 F.Supp. 708, 710 (S.D. Iowa 1997)(omitting citation)(factual circumstances similar to those in this case). Consequently, the ALJ did not have a basis for finding that the IQ score of 70 did not fall within the listing range. *See id*. Therefore, I find that substantial evidence supports the Plaintiff's contention that she meets the first prong of the §12.05(C) listing.

8. The second prong of §12.05(C) requires the claimant to have "a physical or other mental impairment imposing additional and significant work-related limitation of function." The Tenth Circuit has defined this prong as follows: "a decision regarding whether a claimant has a

3

§12.05(C) 'significant limitation' should 'closely parallel' the step two standard, and is to be made without consideration of whether the claimant can perform any gainful activity beyond the analysis as made at step two." *Hinkle v. Apfel*, 132 F.3d 1349, 1352-53 (10th Cir. 1997). In this case, the ALJ found that the Plaintiff has severe impairments as defined by step two, namely, upper back and shoulder pain, and headaches due to chronic muscle strain. Tr. 16. Accordingly, the Plaintiff has a significant work-related limitation. I, therefore, find that the ALJ erred when he determined that the Plaintiff did not meet the second prong of §12.05(C). Because there is substantial evidence that the Plaintiff meets §12.05(C), I conclude that the Commissioner's decision should be reversed and this matter remanded for an immediate award of benefits. Consequently, I find no need to discuss the other arguments the Plaintiff makes in favor of her motion to reverse or remand.

## Recommended Disposition

I recommend granting the Plaintiff's Motion to Reverse, or in the Alternative, to Remand for a Rehearing; reversing the Commissioner's decision; and remanding this matter to the Commissioner for an immediate determination of benefits. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be

allowed.

_____
Leslie C. Smith
United States Magistrate Judge